DOCUMENT 2

Case 5:20-cv-01389-HNJ   Document 1-1   Filed 09/18/20   Page 1 of 12

ELECTRONICALLY FILED
8/18/2020 9:15 AM
44-CV-2020-900223.00
CIRCUIT COURT OF
LIMESTONE COUNTY, ALABAMA
BRAD CURNUTT, CLERK

FILED
2020 Sep-18 PM 04:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE CIRCUIT COURT OF LIMESTONE COUNTY, ALABAMA

| | |
|---|---|
| **CHRISTOPHER HILL,** ) | |
| ) | |
| **PLAINTIFF,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NUMBER:** |
| ) | **JURY TRIAL DEMANDED** |
| **SEQUIUM ASSET SOLUTIONS,** ) | |
| **LLC; AT&T MOBILITY, LLC,** ) | |
| **There may be other entities whose** ) | |
| **true names and identities are** ) | |
| **unknown to the Plaintiff at this** ) | |
| **time, who may be legally** ) | |
| **responsible for the claim(s) set** ) | |
| **forth herein and who may be** ) | |
| **added by amendment by the** ) | |
| **Plaintiff when their true names** ) | |
| **and identities are accurately** ) | |
| **ascertained by further discovery.** ) | |
| **Until that time, the Plaintiff will** ) | |
| **designate these parties in** ) | |
| **accordance with ARCP 9(h).** ) | |
| **The word "entity" as used herein** ) | |
| **is intended to refer to and include** ) | |
| **any and all legal entities including** ) | |
| **individual persons, any and all** ) | |
| **forms of partnership any and all** ) | |
| **types of corporations or other** ) | |
| **partnerships, limited liability** ) | |
| **companies, etc. The symbol** ) | |
| **by which these parties defendants** ) | |
| **are designated is intended to** ) | |
| **include more than one entity in** ) | |
| **the event that discovery reveals** ) | |
| **that the descriptive** ) | |
| **characterizations of the symbol** ) | |

## EXHIBIT A

| | |
|---|---|
| applies to more than one "entity." | ) |
| In the present action, the party | ) |
| Defendants which the | ) |
| Plaintiff must include by | ) |
| descriptive characterization are as | ) |
| follows: DEFENDANT A, and | ) |
| B, the correct designation | ) |
| of the person or entity | ) |
| known as or doing business | ) |
| as SEQUIUM ASSET | ) |
| SOLUTIONS, LLC; | ) |
| DEFENDANTS C and D, the | ) |
| correct designation of the | ) |
| person or entity known as | ) |
| AT&T MOBILITY, LLC,; | ) |
| all of whose true and correct | ) |
| names are otherwise unknown at | ) |
| this time, but will be added by | ) |
| amendment when ascertained; | ) |
| | ) |
| DEFENDANTS. | ) |

## COMPLAINT

This is an action brought by the Plaintiff, Christopher Hill, for actual and statutory damages, attorney's fees, and costs for Defendant Sequium Asset Solution's violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA").

Plaintiff also seeks compensatory and punitive damages for the Defendants' violations of Alabama's common laws set forth herein.

EXHIBIT A

## STATEMENT OF THE PARTIES

1. Plaintiff, Christopher Hill, is over the age of nineteen (19) years and is a resident of the city of Athens in Limestone County, Alabama. Plaintiff is a "consumer" as that term is defined in the Fair Debt Collection Practices Act ("FDCPA").

2. Defendant Sequium Asset Solutions, LLC (hereinafter "Sequium") is and at all times pertinent herein was, a foreign limited liability company or other legal entity organized under the laws of the State of Georgia and with its principal place of business in Marietta, Georgia.

3. Sequium is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Sequium uses the mails and telephone in and about its efforts to collect debt. Sequium also reports debts alleged to be owed by consumers to the credit reporting agencies such as Equifax.

4. Sequium is a debt collector as that term is defined by the Fair Debt Collection Practices Act at 15 U.S.C. §1692(a)(6).

5. Defendant AT&T Mobility, LLC (hereinafter "AT&T") is and at all times pertinent herein was, a foreign limited liability company or other legal entity organized under the laws of the State of Delaware

EXHIBIT A

with its principal place of business in Atlanta, Georgia.

6. All events herein occurred in Limestone County, Alabama.

## STATEMENT OF FACTS

### *Background*

7. On or about April 27, 2018, the Circuit Court of Limestone County, Alabama entered a Final Decree in the matter of Plaintiff's divorce from his ex-spouse, Farrah Hill.

8. At some point either just prior to or very soon after Plaintiff and Farrah Hill were divorced, Farrah Hill opened a cellular telephone account with AT&T using Plaintiff's social security number or other identifying information without his permission or consent.

9. Upon information and belief, without his permission or consent, Plaintiff was listed either as a co-signor on the AT&T account or as a responsible party on the AT&T account.

10. Upon information and belief, the AT&T account became delinquent on or about April 11, 2019.

11. Upon information and belief, on or about December 18, 2019, AT&T hired or retained Sequium to collect the AT&T delinquent account.

12. On or about February 3, 2020, Sequium reported to Equifax

**EXHIBIT A**

Information Services, LLC ("Equifax"), a credit reporting agency not a party to this lawsuit, that Plaintiff owed AT&T $1,114.00 ("the Debt").

13. Reporting alleged debts to credit reporting agencies, such as Equifax, is a debt collection tactic used by collection agencies such as Sequium in and about their efforts to collect debt from consumers.

14. Plaintiff is not responsible for and has never owed either AT&T or Sequium this alleged debt.

15. Upon discovering that this inaccurate debt was placed on his credit report and after noticing a significant drop in his credit score, Plaintiff contacted Sequium on or about May 2, 2020 disputing the Debt and informing Sequium that he believed his ex-wife wrongfully used his social security number to purchase a cell phone through AT&T.

16. Plaintiff did not receive any meaningful response from Sequium other than an email that stated Sequium could not "identify relevant details" based upon the information Plaintiff provided to Sequium.

17. Further, concerned about the apparent theft of his identity, Plaintiff filed a police report against Farrah Hill for identity theft with the Limestone County Sheriff's Department on May 6, 2020.

EXHIBIT A

18. On May 18, 2020, Plaintiff wrote to Equifax and Experian Information Solutions, LLC ("Experian"), both credit reporting agencies, to dispute the Sequium and AT&T credit reporting of the Debt that he did not owe that was being reported.

19. After investigating, both Equifax and Experian deleted the inaccurate information being reported by Sequium and/or AT&T relating to the alleged Debt.

20. On or about July 16, 2020, AT&T wrote to "Farrah Hill" but sent the letter to Plaintiff's home address. In that letter, AT&T wrote that based upon its investigation, "you are responsible for the bill." The letter further threatened that unless AT&T was contacted, further collection action would continue on the account.

## CAUSES OF ACTION

**COUNT ONE**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT15 U.S.C. § 1692 et seq.**

26. The foregoing acts and omissions of Defendant Sequium and its employees and agents, including Sequium's credit reporting of the Debt when Plaintiff did not owe it and is not responsible to pay it, constitute violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*, with

EXHIBIT A

respect to Plaintiff. These violations include *but are not limited to* violations of

§§ 1692e(2)(A), 1692e(10) and 1692f.

27. As a direct and proximate result of the wrongful conduct visited upon Plaintiff by Sequium in its collection efforts, Plaintiff suffered actual damages including, but not limited to, worry, stress, anxiety, embarrassment, physical pain, mental anguish and emotional distress.

28. As a result of Defendant Sequium's violations of the FDCPA, Plaintiff is entitled to actual damages in an amount to be determined by a struck jury pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

### COUNT TWO
### NEGLIGENCE

29. The Defendants knew or should have known of the conduct set forth herein which was directed at and visited upon Plaintiff.

30. The Defendants knew or should have known that said conduct was improper and violated the law. Additionally the Defendants owed a

EXHIBIT A

duty to the Plaintiff which Defendants breached causing Plaintiff harm.

31. The Defendants negligently failed to train and/or negligently failed to supervise their employees or agents in order to prevent said improper and illegal conduct.

32. Defendant Sequium negligently failed to train and supervise its collectors with regard to the requirements and prohibitions of the FDCPA.

33. Defendant AT&T negligently placed this debt for collection.

34. Defendant AT&T negligently claimed that Plaintiff was responsible for a debt that he did not owe.

35. Defendant AT&T negligently allowed his ex-wife to open a cellular telephone account without his permission or consent.

36. Defendant AT&T negligently continues to claim that Plaintiff is responsible for paying a debt he does not owe and is not responsible to pay.

37. As a proximate result of Defendants' negligence, Plaintiff suffered harm.

EXHIBIT A

## COUNT THREE
## WANTONNESS

38. The Defendants knew or should have known of the conduct set forth herein which was directed at and visited upon Plaintiff.

39. The Defendants knew or should have known that said conduct was improper and violated the law.

40. The Defendants recklessly and wantonly failed to train and/or recklessly and wantonly failed to supervise their employees or agents in order to prevent said improper and illegal conduct.

41. Defendant Sequium recklessly and wantonly failed to train and supervise its collectors with regard to the requirements and prohibitions of the FDCPA.

42. Defendant AT&T recklessly and wantonly placed this debt for collection.

43. Defendant AT&T recklessly and wantonly claimed that Plaintiff was responsible for a debt that he did not owe.  As such, Defendant Sequium continues to wrongfully attempt to collect the Debt from the Plaintiff.

44. Defendant AT&T recklessly and wantonly allowed his ex-wife to

EXHIBIT A

open a cellular telephone account without his permission or consent.

45. Defendant AT&T recklessly and wantonly continues to claim that Plaintiff is responsible for paying a debt he does not owe and is not responsible to pay.

46. As a result of Defendants' reckless and wanton conduct, Plaintiff suffered harm including but not limited to worry, embarrassment, humiliation, anxiety and mental anguish among other personal injuries.

*Respondeat Superior Liability*

47. At all times relevant herein, Defendant Sequium and its employees and agents acted as the agent of Defendant AT&T. The acts and omissions of Defendant Sequium and its employees and agents were committed within the scope of Sequium's agency relationship with AT&T.

48. The acts and omissions by Sequium and its employees and agents were incidental to, or of the same general nature as, the responsibilities Sequium was authorized to perform by Defendant AT&T in the collection of consumer debts such as the consumer debts allegedly owed by the Plaintiff.

49. By committing these acts and omissions against the Plaintiff, Defendant

EXHIBIT A

Sequium's agents and employees were motivated to benefit Sequium's principal, Defendant AT&T.

50. Defendant AT&T is therefore liable to Plaintiff through the Doctrine of *Respondeat Superior* for the intentional and negligent acts, errors, and omissions done in violation of the law by its agent, Sequium, in and about Sequium's attempts to collect the alleged debt from the Plaintiff.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff claims damages of the Defendants, jointly and severally, in both compensatory and punitive damages, plus interest, costs, reasonable attorney's fees and any such other and further relief as this court deems proper and/or necessary.

In addition to the above, Plaintiff further demands declaratory judgment that Defendant Sequium's conduct violated the FDCPA, statutory damages in the amount of $1,000.00 for the violations of the FDCPA pursuant to 15 U.S.C. § 1692k and costs and reasonable attorneys' fees from Sequium for its violations of the FDCPA pursuant to 15 U.S.C. § 1692k.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**.

/s/ *W. Whitney Seals*
W. WHITNEY SEALS,
Attorney for Plaintiff

**EXHIBIT A**

**OF COUNSEL:**

**COCHRUN & SEALS, LLC**
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
Facsimile: (205) 323-3906
filings@cochrunseals.com

**PLAINTIFF'S ADDRESS:**
Christopher Hill
25469 Queensbury Drive
Athens, AL 35613

**PLEASE SERVE THE DEFENDANTS BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED TO THE FOLLOWING ADDRESSES:**

**SEQUIUM ASSET SOLUTIONS, LLC**
C/O Registered Agent
Registered Agent Solutions, Inc.
2 North Jackson Street, Suite 605
Montgomery, AL 36104

**AT&T, MOBILITY, LLC.**
C/O Registered Agent
C T Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104

EXHIBIT A